J-S48034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CLIFTON PARKER | : | |
| | : | |
| Appellant | : | No. 4059 EDA 2017 |

Appeal from the PCRA Order November 21, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0608821-2001

BEFORE:   DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 25, 2018**

Appellant, Clifton Parker, appeals *pro se* from the order dismissing his third petition (styled as a petition for writ of *habeas corpus*) for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

During a one-hour crime spree, Appellant and a cohort killed one man, attempted to kill another man, and robbed a third man.  On March 11, 2004, a jury convicted Appellant of one count each of second-degree murder, attempted murder, aggravated assault, robbery, and theft by unlawful taking, and three counts of criminal conspiracy.  The court sentenced him to life imprisonment, and a consecutive aggregate term of not less than twenty nor more than forty years of imprisonment.

_____
*   Retired Senior Judge assigned to the Superior Court.

On May 5, 2005, this Court affirmed the judgment of sentence on direct appeal. (*See Commonwealth v. Parker*, 880 A.2d 10 (Pa. Super. 2005)). On December 29, 2005, the Pennsylvania Supreme Court denied allowance of appeal. (*See Commonwealth v. Parker*, 892 A.2d 822 (Pa. 2005)). On August 31, 2006, Appellant filed his first PCRA petition. The court appointed counsel, who filed an amended petition. On November 1, 2007, the PCRA court dismissed his petition as meritless. This Court affirmed on April 14, 2010. A second petition also failed.

On March 23, 2016, Appellant filed the instant third PCRA petition, *pro se*. On November 21, 2017, the PCRA court dismissed Appellant's petition as untimely. This appeal followed.

Appellant presents one question for our review:

> Whether Appellant is entitled to Post Conviction Relief based on newly discovered mitigating evidence regarding brain science and social science study?

(Appellant's Brief, at 3).

On appeal, Appellant does not deny that he is guilty of the charges for which he was convicted in 2004. (*See, e.g.*, *id.* at 5). Instead, he maintains that "he is innocent of first degree murder **due to an undeveloped brain**."[1] (*Id.* at 15) (emphasis added). He argues that because of the studies

---

[1] Elsewhere in the brief Appellant recognizes, correctly, that he was convicted of **second**-degree murder. (*See e.g., id.* at 5).

discussing an undeveloped brain, as cited in United State Supreme Court cases, the PCRA court order should be reversed.  (*See id.* at 17).  We disagree.

Our standard of review is sell-settled.

> When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error.  Generally, we are bound by a PCRA court's credibility determinations.  However, with regard to a court's legal conclusions, we apply a *de novo* standard.

*Commonwealth v. Smith*, 181 A.3d 1168, 1174 (Pa. Super. 2018) (citation omitted).

Before considering the merits of Appellant's claims, we must first determine whether the PCRA court correctly concluded that because Appellant's third PCRA petition was not filed within the time limits required by the PCRA, or pleaded and proved one of the three statutory exceptions to the PCRA time bar, the court lacked jurisdiction to consider the petition.

The timeliness of a post conviction petition is jurisdictional.  *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the statute.  A PCRA petition invoking one of these statutory

exceptions must "be filed within 60 days of the date the claim could have been presented." **See** 42 Pa.C.S.A. § 9545(b)(2).

Here, although Appellant's brief is often meandering and unfocussed, it is apparent that he claims an exception to the PCRA time-bar for newly discovered facts. (**See** Appellant's Brief, at 7).

Specifically, he argues that "newly discovered mitigating evidence" in the form of scientific studies concluding that the brain is not fully developed until the mid-twenties, prove that his brain was not fully developed at the time of his offense. (**Id.**). Appellate acknowledges that he was nineteen at the time of the murder. (**See id.** at 12; **see also** PCRA Court Opinion, 11/21/17, at 1 n.1). He cites **Miller v. Alabama**, 567 U.S. 460 (2012) and **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), *as revised* (Jan. 27, 2016) in support of his claim that an undeveloped brain mitigates his culpability.[2] We disagree.

Preliminarily, the trial court properly treated Appellant's claim, although styled as a "Petition for Habeas Corpus Relief," as a PCRA petition. The PCRA is the sole means for obtaining collateral relief and subsumes the writ of *habeas corpus*. **See** 42 Pa.C.S.A. § 9542 ("The action established in this

---

[2] **Miller** held that a **juvenile** convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's "special circumstances." **Montgomery**, **supra** at 725. **Montgomery** also held that **Miller** announced a substantive rule that is retroactive in cases on collateral review.

subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus*. . . . ").

Here, Appellant's judgment of sentence became final on March 29, 2006, when the ninety day period for filing a petition for writ of *certiorari* to the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also** Rule 13 of the United States Supreme Court. Appellant thus had until March 29, 2007 to file a timely PCRA petition, but did not file the instant petition until March 23, 2016, approximately nine years too late. Therefore, the PCRA court had no jurisdiction to entertain his petition unless he pleaded and proved one of the three narrow exceptions to the time-bar.[3] He failed to do so.

_____

[3] The three exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

Appellant purports to invoke the newly discovered fact exception under § 9545(b)(1)(ii), by relying on **Montgomery**, **supra** which he claimed validated the "brain science and social science" cited in **Miller**, **supra**. (Appellant's Brief, at 7). In effect, he claims that the studies establish that his brain was underdeveloped at the time of his crimes, preventing him from forming the requisite intent for second-degree murder. His claim to an exception fails.

First, the record confirms that Appellant has been aware of the research cited in **Miller** since at least August 6, 2012, when he filed a *pro se* amended petition seeking, *inter alia*, relief under **Miller** on an essentially identical basis to the claims made here. (**See** Supplemental Amended Petition, dated August 6, 2012, filed August 15, 2012, at 5-7). Therefore, Appellant's claim is previously litigated. **See** 42 Pa.C.S.A. § 9544(a)(2-3).

Moreover, the research on which Appellant relies to support this assertion was not revealed for the first time in **Miller**. Rather, **Miller** noted decades-old research discussed and cited in **Roper v. Simmons**, 543 U.S. 551 (2005), and **Graham v. Florida**, 560 U.S. 48 (2010), **as expressly acknowledged by Appellant in his 2012 petition**. (**See** Supplemental Amended Petition, 8/06/12, **supra** at 5-7).

Furthermore, because Appellant's petition (filed on March 23, 2016), was not filed "within 60 days of the date the claim could have been presented," 42 Pa.C.S.A. § 9545(b)(2), namely within 60 days of **Miller**, **Roper**, or even

earlier, he failed to comply with the time limit to establish the newly-discovered fact exception to the time-bar.

In any event, Appellant's assertion of incomplete brain development fails to present either an exception to the PCRA time bar, or a basis for PCRA relief. Rather than seeking relief under ***Miller***, Appellant's argument seeks an **extension** of the ***Miller*** decision beyond the stated limits of its holding. ***See Commonwealth v. Furgess***, 149 A.3d 90, 91–94 (Pa. Super. 2016) (holding that petitioners who were older than eighteen at the time they committed murder are not within ambit of ***Miller*** decision and therefore may not rely on that decision to bring themselves within time-bar exception). ***See also Commonwealth v. Cintora***, 69 A.3d 759, 764 (Pa. Super. 2013), *abrogated on other grounds* (concluding contention that newly-recognized constitutional right should be extended to others does not render petition timely pursuant to section 9545(b)(1)(iii)). Appellant's petition is untimely with no exception to the time-bar proven.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/18

- 7 -